## BALTIMORE & OHIO RD CO v LOHREY et

Ohio Appeals, 1st Dist, Hamilton Co

Decided Dec 16, 1935

Waite, Schindel & Bayless, Cincinnati, Herbert Shaffer, Cincinnati, and Philip J. Schneider, Cincinnati, for plaintiff in error.
Henry E. Beebe, Cincinnati, for defendant in error.

## OPINION

By MATTHEWS, J.

This summary of the evidence and proceedings is sufficient to indicate that the driver of the truck failed completely to either look or listen for the approaching train at any time before he went upon the tracks, or at any time while he was crossing them, and, notwithstanding, he was warned by the moving of the north gate that a train was in the vicinity, he did nothing to avoid a collision. At best, it can only be said that he relied completely on the fact that he got onto the track while the south gate was up. Was this such an assurance of safety as to exonerate the driver from all duty to use his faculties of seeing and hearing to discover the nearness and speed of the approaching train? If the open south gate lulled him into a feeling of security, should the closing north gate have shattered that feeling?

The plaintiff places chief reliance upon the case of Railway Co. v Schneider, 45 Oh St, 678. We do not understand that case to hold that the traveler approaching a crossing protected by gates to his knowledge owes no duty to look and listen. In that case the traveler was killed and the action was by his administrator. Of course, there was a presumption that he exercised reasonable care. At the request of the defendant, the court charged the jury, as quoted by the court at page 689:

"That it is the duty of the deceased, in approaching the railroad crossing, to look for the railroad locomotive before attempting to cross; and if his failure contributed to the accident, he cannot recover, even though the defendant's negligence also contributed to the injury.

"Even though the fireman and engineer were guilty of neglect contributing to the injury, yet that did not absolve the deceased from exercising the precaution of looking and listening for the approach of trains at such point on Freeman Street, as would enable him to discover the approaching train or locomotive; or from approaching the crossing at such gait as would enable him to control his horses promptly."

Using his faculties of seeing and hearing, a reasonable man might conclude that going on the track at a trot was his best chance of getting across before the safe 'condition indicated by the open gate had changed to a condition of danger, and that was all the court in that case held on the subject of decedent's conduct.

In the case at bar, the undisputed evidence, the plaintiff's evidence, proves that the driver at no time exercised his faculties of seeing and hearing to discover whether a train was approaching, and it is clear that his failure directly contributed to the collision.

This is not a case of conflicting evidence or lack of evidence on the subject of the driver's care. It is a case in which the driver admits that he exercised no care so far as approaching trains were concerned.

That the presence of gates at a railroad crossing does not exonerate the traveler from the exercise of his faculties of seeing and hearing for his own safety, we think is decided by Toledo Terminal Rd. Co. v Hughes, 115 Oh St, 562; C. D. & M. Ry. Co. v O'Day, 123 Oh St, 638; Penn R. Co. v Moses, 125 Oh St, 621.

For these reasons, the judgment of the Common Pleas Court is reversed, and that of the Municipal Court of Cincinnati affirmed.

ROSS, PJ, and HAMILTON, J, concur.